In the Interest of Charles Landon CAVANAUGH, a Minor Personally and by his Next Friend, Dawn Lynette CAVANAUGH, and Dawn Lynette Cavanaugh, Individually, Respondent,

v.

**John Brigham PINTO, Appellant.**

**No. WD 65933.**

Missouri Court of Appeals,
Western District.

Aug. 29, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 2006.

Application for Transfer Denied
Dec. 19, 2006.

Carla G. Holste, Jefferson City, MO, for appellant.

Sara C. Michael, Jefferson City, MO, for respondent.

Before VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and LISA WHITE HARDWICK, Judge.

### ORDER

PER CURIAM.

John Brigham Pinto ("Father") appeals an adverse judgment rendered by the Circuit Court of Cole County on a Petition for Declaration of Father and Child Relationship, Order of Child Custody, Visitation and Support filed by Dawn Lynnette Cavanaugh ("Mother"). Father contends that the trial court's award of retroactive and prospective child support to Mother was erroneous because: (1) the amount of work-related child care expenses included in the court's Form 14 was not reasonable but excessive and extreme; (2) the court failed to impute income to Mother, overes-

timated his gross monthly income, and failed to give proper consideration to the special needs of his son Graham; and (3) the court's determination of the amount of retroactive child support to be paid by Father was based upon an incorrect determination of Mother's income; and that its order requiring him to pay one-half of Charlie's future medical and dental expenses not covered by insurance was an abuse of discretion since the court did not make a finding that the presumed correct Form 14 amount of child support was unjust or inappropriate.

We have thoroughly reviewed the briefs of the parties and the record on appeal. Finding no error, we affirm the judgment in its entirety and remand the cause to the trial court to permit the parties to litigate Mother's motion for attorney's fees on appeal. Although an extended opinion would have no precedential value, we have provided the parties a memorandum setting forth the reasons for our decision.

Judgment affirmed. Rule 84.16(b).